UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Henry Mayes, | Civil File No. 05-2433 (PAM/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Federal Bureau of Prisons; Federal Prison Camp, Duluth, MN; and Medical Director, FPC-Duluth; | |
| Defendants. | |

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Janie S. Mayeron, dated December 8, 2005. The R&R recommended dismissal of the Complaint under 28 U.S.C. § 1915A(b).

**BACKGROUND**

Plaintiff is a federal prison inmate who commenced this action against Defendants under 42 U.S.C. § 1983. He alleges in his Complaint that he is HIV positive but has not seen a doctor since 2002. Plaintiff claims that Defendants have thwarted his efforts to obtain medical care, and his health has declined as a result. Plaintiff asks the Court to order the Bureau of Prisons ("BOP") to permit him to be examined by an outside doctor and to compensate him for the loss of his health.

The Magistrate Judge reviewed the Complaint under the initial screening procedure prescribed by 28 U.S.C. § 1915A, construing the Complaint as bringing an Eighth Amendment claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, the Magistrate Judge found that Plaintiff cannot bring this claim against

the BOP because it is a federal agency and therefore immune from such claims. Similarly, because FPC-Duluth is merely a prison facility, it is not a cognizable legal entity that can be sued. Finally, because Plaintiff did not allege that the Defendant Medical Director personally violated his federal constitutional rights, the Magistrate Judge concluded that Plaintiff's claim against this Defendant fails.

In the caption to his Objections, Plaintiff attempted to add several Defendants: Dr. B. Barton, D.L. Stine, P. Polzine, J. Espinal, R. Defrance, and J.F. Caraway. He stated that he has suffered at the hands of these individuals, and he restated many of the general allegations in his Complaint.

**DISCUSSION**

The Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on the record and Plaintiff's Objections, the Court concludes that the Magistrate Judge properly analyzed the Complaint. Nevertheless, the Court will treat the Objections as a Motion to Amend the Complaint to add the named individuals as Defendants. The Motion is granted, and Plaintiff is directed to file an Amended Complaint by February 9, 2006. Plaintiff is advised that the Amended Complaint will replace the current Complaint in its entirety. Therefore, Plaintiff should name all appropriate Defendants in the caption and explain their involvement in the claims in the Amended Complaint itself.[1] Because the Court is treating Plaintiff's Objections as a Motion to Amend, thereby giving Plaintiff an opportunity to file an

---

[1] Plaintiff filed several exhibits relating to the involvement of the purported individual Defendants, but not as attachments to either the Complaint or the Objections. If Plaintiff wishes the Court to consider these exhibits as part of his Amended Complaint, he must file them with the Amended Complaint and explain their relevance in the Amended Complaint.

2

Amended Complaint, the Court does not rule at this time on the R&R or the Application to Proceed In Forma Pauperis.

**CONCLUSION**

The Court has conducted a de novo review of the record and considered Plaintiff's Objections, which the Court has construed as a Motion to Amend the Complaint. Thus, the Court does not substantively address the merits of the Complaint. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff must file an Amended Complaint by February 9, 2006, or the Court will overrule his Objections and dismiss this case with prejudice.

Dated: January 24, 2006

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge